UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Andres REGALADO (D1),** )<br>**Judith Elizabeth QUEZADA (D2),** )<br>**Antonio ANGON-Paz (D3)** )<br>)<br>Defendants. )<br>_____ ) | Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Aliens<br>Without Presentation<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry<br>After Deportation |

'08 MJ 2061

The undersigned complainant being duly sworn states:

### Count I

On or about **July 3, 2008**, within the Southern District of California, defendants **Andres REGALADO (D1)** and **Judith Elizabeth QUEZADA (D2)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Aurelio SANTOS-Perez, Jesus LOPEZ-Cruz, and Cecilia HERRERA-Hernandez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

### Count II

On or about **July 3, 2008**, within the Southern District of California, defendant **Antonio ANGON-Paz (D3)**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7th DAY OF **July, 2008.**

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Michael J. Prado, declare under penalty of perjury the following to be true and correct:

The complaint states that **Aurelio SANTOS-Perez, Jesus LOPEZ-Cruz, and Cecilia HERRERA-Hernandez** are citizens of a country other than the United States; that said aliens admitted they are deportable; that their testimony is material, that it is impractical to secure their attendance at trial thereof by subpoena and that they are all material witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On July 3, 2008 at approximately 12:30 AM (PST), **Andres REGALADO (D1)** made application for admission into the United States from Mexico through the San Ysidro Port of Entry via vehicle lane 7 as the driver of a 1997 Dodge Ram 1500 Pickup. D1 presented his valid US Passport as proof of admissibility to a Customs and Border Protection (CBP) Officer. Accompanying D1 was **Judith Elizabeth QUEZADA (D2)**, who presented her valid US Passport as proof of admissibility. The CBP Officer obtained two negative declarations from D1 and D2. D1 claimed ownership of the vehicle and presented a vehicle registration to the primary CBP Officer. D1 stated he was in Mexico to visit his sick aunt and was now heading back to Compton, California. The CBP Officer referred the vehicle to secondary for further inspection.

In secondary, a vehicle inspection was conducted which revealed three adult males concealed inside a non-factory engine compartment. Further inspection also revealed one adult male and one adult female concealed inside a non-factory compartment built on the undercarriage of the vehicle.

The five individuals removed from the compartments were identified as Aurelio SANTOS-Perez, Jesus LOPEZ-Cruz, Cecilia HERRERA-Hernandez, **Antonio ANGON-Paz (D3)**, and Miliano APARICIO Valencia. All five individuals admitted being citizens of Mexico with no entitlements to enter or reside in the United States. **Aurelio SANTOS-Perez, Jesus LOPEZ-Cruz,** and **Cecilia HERRERA-Hernandez** are now identified as **Material Witnesses** in the case.

During a videotaped interview, D1 was advised of his Miranda Rights. D1 acknowledged his rights and elected to answer questions without an attorney present. D1 admitted knowledge to unlawfully smuggling the undocumented aliens. D1 had knowledge there were people concealed under the hood. D1 admitted he was to be paid an unknown amount upon successfully crossing the undocumented aliens.

**Probable Cause Statement Continued on page 2.**

Continuation of Probable Cause Statement
RE:   Andres REGALADO (D1)
      Elizabeth QUEZADA (D2)
      Antonio ANGON-Paz (D3)

During a videotaped interview, D2 was advised of her Miranda Rights. D2 acknowledged her rights and elected to answer questions without an attorney present. D2 admitted knowledge to knowing there were people concealed in the vehicle. D2 admitted D1 was to pay for her transportation expenses to visit a relative in Guadalajara, Mexico as a form of payment for her involvement.

In secondary, D3 was queried by 10-digit fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT and IAFIS returned a match to the query, linking Defendant to FBI and Immigration Service records which identified Defendant as a deported alien and citizen of Mexico.

Immigration Service record checks indicate an Immigration Judge ordered D3 deported to Mexico on January 06, 1997. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a video-taped interview, D3 was advised of his Miranda Rights. D3 declared to be a citizen of Mexico by virtue of birth in Distrito Federal, Mexico. D3 stated he attempted illegal entry into the U.S. in an effort to re-establish residency and was destined to the state of Washington. D3 also declared that he has been formally removed from the U.S. on at least two prior occasions with his most recent removal occurring on or about June 05, 2008.

During a separate videotaped interview with all three Material Witnesses, they all freely admitted to being citizens of Mexico with no legal documents to enter or reside in the United States. All three Material Witnesses stated they were going to pay a fee ranging from $3,000.00 to $4,000.00 upon successfully crossing. All three stated their purpose was to seek employment in the United States.

Executed on this 3rd day of July 2008 at 3:00 PM.

_____
Michael J. Prado / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page(s), I find probable cause to believe that the defendants named therein committed the offenses on July 3, 2008 in violation of Title 8, United States Code, Section 1324.

_____        7/4/08   1212hrs
MAGISTRATE JUDGE                 DATE / TIME